ADAMS, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IVORY OREY CROW, ) | CASE NO.   5:09CR414 |
| ) | 5:11CV2539 |
| Petitioner, ) | |
| ) | JUDGE JOHN R. ADAMS |
| v. ) | |
| ) | MEMORANDUM OF OPINION |
| UNITED STATES OF AMERICA, ) | AND ORDER |
| ) | |
| Respondent. ) | |

This matter appears before the Court based upon a petition filed by Ivory Orey Crow under 28 U.S.C. § 2255.   Upon review, the petition is DENIED.

## I.    Facts

On September 23, 2009, Crow was indicted for conspiracy to distribute 50 kilograms or more of marijuana.   On December 2, 2009, Crow appeared before the Court and pled guilty.   On March 11, 2010, the Court sentenced Crow to 57 months incarceration.   Crow then timely appealed.   On July 26, 2011, the Sixth Circuit found no merit in the appeal, and on August 17, 2011, the mandate in the appeal issued.   On November 22, 2011, Crow filed the instant petition.

## II.   Legal Standard

Under 28 U.S.C. § 2255, a federal inmate is provided with a post-conviction means of collaterally attacking his conviction or sentence.  *In re Gregory,* 181 F.3d 713, 714 (6th Cir. 1999).   Motions brought under § 2255 are the sole means by which a federal prisoner can collaterally attack a conviction or sentence that he alleges to be in violation of federal law.  *See*

*Davis v. United States,* 417 U.S. 333 (1974); *Cohen v. United States,* 593 F.2d 766, 770 (6th Cir. 1979).

Under § 2255, there are four grounds upon which federal prisoners may challenge their conviction or sentence: (1) "the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "the court was without jurisdiction to impose such sentence"; (3) "the sentence was in excess of the maximum authorized by law"; or (4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255(a); *Hill v. United States,* 368 U.S. 424, 426-27 (1962).

### III.  Analysis

Crow first appears to argue that his plea was not knowingly and voluntarily entered. This issue was already resolved against Crow by the Sixth Circuit.

> Crow attacks his plea on the grounds that he did not fully understand the consequences of pleading guilty because the district court was not able to tell him what his sentence would be at the time that he entered his plea, his attorney promised that he would receive a sentence of thirty-one months and a break with regard to his state charges, and the district court promised that he would receive a lower sentence if he provided substantial assistance to the government.
>
> These claims are belied by the record. During the plea colloquy, the district court carefully reviewed the manner in which Crow's sentence would be determined, including the operation of the sentencing guidelines. See Fed. R. Crim. P. 11(b)(1)(M). In doing so, the district court noted that the sentencing recommendations in the plea agreement were not binding and that Crow would not have the right to withdraw his plea if the district court imposed a sentence higher than what was contemplated by the plea agreement. See Fed. R. Crim. P. 11(c)(3)(B). And, when the district court asked Crow whether any promises had been made to him to induce him to plead guilty, aside from those contained in the plea agreement, Crow responded that they had not. See Fed. R. Crim. P.11(b)(2).
>
> Because the district court followed the procedures set forth in Rule 11 and specifically asked Crow whether any promises were made to him other than those included in the plea agreement, Crow is bound by his statements in response to that

inquiry. *See United States v. Rennick*, 219 Fed. Appx. 486, 489 (6th Cir. 2007); *Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986). And because Crow was given the correct sentencing information by the district court, he cannot claim to have entered his plea in reliance on the alleged misinformation provided by his attorney. See *United States v. Todaro*, 982 F.2d 1025, 1029-30 (6th Cir. 1993). Moreover, Crow's allegation that his attorney promised him a thirty-one-month sentence is contradicted by his own statement that neither his attorney, the district court judge, nor the United States Attorney could tell him "the amount of time that [he] was going to receive."

Doc. 70 at 2-3. Crow raises the same arguments herein. Accordingly, both the law of the case and the record in this matter compel rejection of these arguments.

Crow also appears to raise an ineffective assistance of counsel claim. Crow claims that his counsel refused to withdraw from the matter and thereby denied him appeal. However, Crow timely appealed and his appeal was heard by the Sixth Circuit. Accordingly, his claim lacks merit.

Finally, to the extent that Crow asserts various facts, including that his counsel stole $2,000 from him, those facts do not support any type of relief under § 2255.

IV. **Conclusion**

Based upon the above, the Court finds that Crow has failed to demonstrate that he is entitled to relief. Accordingly, the petition is DENIED. This matter is DISMISSED. Pursuant to 28 U.S.C § 1915(a)(3), the Court certifies that Crow may not take an appeal from the Court's decision in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

| | |
|---|---|
| February 29, 2012 | /s/John R. Adams |
| Date | JOHN R. ADAMS<br>UNITED STATES DISTRICT JUDGE |

4